USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/31/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ITEC, INC.,

                       Plaintiff,

   -against-

CENTROID SYSTEMS, INC.,

                      Defendant.
------------------------------------------------------------X

No. 16-CV-05996 (NSR)

OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff, ITEC, Inc. ("ITEC" or "Plaintiff"), initiated this action against Centroid Systems, Inc. ("Centroid" or "Defendant") on July 27, 2016, asserting various claims sounding in breach of contract, account stated and unjust enrichment. Before the Court is Defendant's motion to dismiss Plaintiff's complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, to transfer this action to the U.S. District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, Defendant's motion is GRANTED. Defendant's request for alternative relief is DENIED as moot.

## BACKGROUND

The following facts are taken from the Complaint except where noted and are accepted as true for the purposes of this motion.

Plaintiff asserts that on or about November 9, 2015, the parties entered into a consulting agreement (the "Agreement") whereby Plaintiff agreed to furnish Defendant and its affiliate, Coty, Inc., with remote Hyperion Technical/Functional consulting services. (Compl. (ECF No. 1) ¶ 18.) In exchange for these services, Defendant agreed to pay Plaintiff hourly fees of $150.00. (*Id.*)

1

Plaintiff provided the services to Defendant as requested from on or about November 9, 2015 through on or about May 15, 2016. (*Id.* ¶ 19.) Defendant accepted the services provided without objection or complaint. (*Id.* ¶ 20.) Plaintiff invoiced Defendant for the services provided and Defendant paid the first three invoices, through on or about March 8, 2016. (*Id.* ¶ 14.) Thereafter, at Defendant's request, Plaintiff continued to provide services and invoice Defendant but Defendant failed to make payments or object to the invoice charges. (*Id.* ¶¶ 20, 33–34.) Plaintiff's outstanding invoices for services provided to Defendant through May 2016 (five invoices) total $275,992.00. (*Id.* ¶ 15.) Despite Plaintiff's repeated requests for payment, Defendant has neither provided such payment nor provided an explanation for its failure to make payment. (*Id.* ¶ 16.)

## FORUM SELECTION CLAUSE

Defendant moves for dismissal of this action based on a forum selection clause contained within the Agreement.

### Legal Standard

In determining whether an action should be dismissed based on a forum selection clause, courts employ a four-part analysis, asking: "(1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive . . . ; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause." *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (internal quotation marks and citation omitted). "If the forum clause was communicated to the resisting party, has mandatory force, and covers the claims and parties involved in the dispute, it is presumptively enforceable." *Id.* (*quoting Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007)). A party can overcome the presumption of enforceability only by "making a sufficiently strong showing that enforcement

would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Martinez*, 740 F.3d at 217 (*quoting Phillips*, 494 F.3d at 383–84).

The "burden [is] on the plaintiff, who brought suit in a forum other than the one designated by the forum selection clause, to make a strong showing in order to overcome the presumption of enforceability." *New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG*, 121 F.3d 24, 29 (2d Cir. 1997) (internal quotation marks omitted) (*citing M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)). The Supreme Court has narrowly construed the kind of showing that can overcome this presumption: forum selection and choice of law clauses are unreasonable (1) "if their incorporation into the agreement was the result of fraud or overreaching;" (2) "if the complaining party 'will for all practical purposes be deprived of his day in court,' due to the grave inconvenience or unfairness of the selected forum;" (3) "if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy;" or (4) "if the clauses contravene a strong public policy of the forum state." *Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. 1993) (*citing M/S Bremen*, 407 U.S. at 12–13, 15, 18 (1972) and *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)); *see also Phillips*, 494 F.3d at 392.

In evaluating a motion to dismiss based on a forum selection clause, a district court typically relies on the pleadings and affidavits submitted by the parties. *See Martinez*, 740 F.3d at 216.

## Analysis

Generally, when considering a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), non-conclusory allegations in the complaint are deemed true. *See Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008). Under limited circumstances, the court may consider documents other than the complaint when resolving a motion to dismiss. A court may consider "documents attached

to ... or incorporated" by reference in a complaint where such documents are "integral" to the claims asserted. *See Chambers v. Time Warner*, 282 F.3d 147, 153 (*citing Int'l Audiotext Network, Inc. v. American Tel. and Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)); *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Furman v. Cirrito*, 828 F.2d 898, 900 (2d. Cir. 1987); *Sazerac Co., Inc. v. Falk*, 861 F. Supp. 253, 257 (S.D.N.Y. 1994).

Here, Plaintiff references the existence of a contract, the Agreement, which appears to be the basis for two of its claims, but does not attach a copy of the Agreement to the pleadings. (*See* Compl. ¶ 18.) In support of its motion, Defendant attaches a copy of the Agreement which bears the signatures of a representative from ITEC and a representative of Centroid. (Aff. In Supp. Of Mot. To Dismiss (ECF No. 19) ("Def.'s Aff.") Ex. 2.) The Agreement consists of five pages, each page is initialed by Plaintiff and Defendant's respective representatives, and the signatures are both dated "11/9/2015." (*Id.* Ex. 2) Of relevance to Defendant's motion, the Agreement contains a forum selection clause. Paragraph 11, entitled "Governing Law," provides: "This Agreement shall be governed, interpreted and construed in accordance with the laws in the state of Michigan applicable to agreements entered into and to be performed entirely therein. Any suit or proceeding with respect to this Agreement shall be brought exclusively in the Courts of the State of Michigan." (*Id.* Ex. 2, at 3.)

Plaintiff objects to the applicability or the enforceability of this forum selection provision. Plaintiff asserts in reference to the Agreement proffered by Defendant that it "never agreed to all the terms of the writing attached to Defendant's motion" because, allegedly, it did not receive a fully-executed copy of the Agreement until sometime after the lawsuit was commenced. (Pl.'s Mem. Of Law In Opp'n To Def.'s Mot. To Dismiss Or Transfer Action (ECF No. 20) ("Pl.'s Opp'n") 2.) Plaintiff further asserts that despite the existence the Agreement, there was no meeting

4

of the minds and that the parties never operated pursuant to the terms of the Agreement. (*Id.* 7.) Plaintiff, however, does not dispute the authenticity of the Agreement, nor does it call into question the signature of its representative affixed thereto. In fact, Plaintiff submits an affidavit from Kathy Iervolino ("Iervolino"), ITEC's President, wherein she acknowledges executing the Agreement on November 9, 2015. (Aff. In Opp'n To Mot. To Dismiss (ECF No. 21) ¶ 3).

Analyzing each prong of the test enumerated by the Supreme Court in *M/S Bremen*, it is clear that the forum selection clause applies to all of Plaintiff's claims. There is no question that the forum selection clause was "reasonably communicated to the party resisting enforcement" because ITEC's President, Iervolino, not only signed the Agreement but initialed each and every page, including page 3, which contains the forum selection clause. To suggest that Plaintiff was unaware of clause's existence defies reason.

The plain wording of the forum selection clause makes it mandatory, not permissive. The Agreement provides "[a]ny suit or proceeding with respect to this Agreement **shall** be brought exclusively in the Courts of the State of Michigan." (Def.'s Aff. Ex. 2, at 3 (emphasis added).) This is clearly compulsory language. *See S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705, 708 (2d Cir. 2010) ("A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language.") (*quoting Phillips*, 494 F.3d at 386).

The forum selection clause is broad. It covers "[a]ny suit or proceeding with respect to this Agreement." (Def.'s Aff. Ex. 2, at 3.) The language suggests that there must merely be a causal connection between the Agreement and the claim asserted. Given the text used, it may be inferred that any claim related to or arising out of the Agreement is subject to forum selection clause.

Lastly, the forum selection clause applies to both parties involved in this action and applies to the claims asserted in the Complaint. Plaintiff's first claim for breach of contract specifically references and incorporates the Agreement. Plaintiff's second claim, for an account stated, likewise references the existence of the Agreement and the nature of the services. Plaintiff's third claim is for unjust enrichment, an equitable cause of action. However, "where the relationship between the parties is contractual, the pleading of alternative non-contractual theories of liability should not prevent enforcement of such a bargain [as to the appropriate forum for litigation]." *Cfirstclass Corp. v. Silverjet PLC*, 560 F. Supp. 2d 324, 329 (S.D.N.Y. 2008) (*quoting Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 203 (3d Cir.1983)); *see also Anselmo v. Univision Station Group, Inc.*, 1993 WL 17173, at *2 (S.D.N.Y. Jan. 15, 1993) ("A forum selection clause should not be defeated by artful pleading of claims not based on the contract containing the clause if those claims grow out of the contractual relationship, or if 'the gist' of those claims is a breach of that relationship.").

The burden thus shifts to the Plaintiff, as the resisting party, to "make a strong showing in order to overcome the presumption of enforceability." *New Moon Shipping*, 121 F.3d at 29. Plaintiff has not alleged that the forum selection clause was the result of fraud or overreaching, that the unfairness of the chosen law will deprive it of a remedy, or that the clause contravenes a strong public policy. Rather, Plaintiff argues that Defendant's breach of the Agreement, namely, its failure to pay in accordance with the terms of the Agreement, demonstrates that there was no meeting of the minds. Plaintiff asserts that Defendant's failure to abide by the terms of the Agreement is indicative of the parties' lack of intention to be bound by its terms, and more specifically, to be bound by the forum selection clause. Such contention lacks merit. A basic principle of law is that an unambiguous contract must be construed as a whole and the intention of

the parties is to be collected from the entire instrument and not from extrinsic evidence. See 11 Williston on Contracts § 32:1 (4th ed.). Accordingly, Plaintiff's assertion is insufficient to make the requisite showing to overcome the presumption of enforceability.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint asserting claims of breach of contract, account stated, and unjust enrichment is GRANTED, without prejudice to recommencement. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 17, and to terminate this case.

Dated: January 31, 2018
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge